UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD J. RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-2131 NCC |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus, filed on a court-form for bringing claims under 28 U.S.C. § 2254. In actuality, petitioner's claims appear to relate to the execution of his sentence, and are more appropriately interpreted as ones brought pursuant to 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will provide a preliminary review of petitioner's application for writ of habeas corpus. The Court will outline specific matters for the parties for briefing and set forth a briefing schedule below.

### Background

In November of 2002, petitioner was charged by indictment in this Court with two counts of being a felon in possession of a firearm. *See United States v. Rodgers*, No. 4:02-CR-588 RWS (E.D.Mo.).[1] In April of 2003, petitioner was indicted in Missouri State Court on two counts of armed criminal action (F), assault in the first degree (F), and assault in the first degree/serious

---

[1]Petitioner was arrested on December 18, 2002 and remained in federal custody until his sentencing on July 11, 2003. At the time of his sentencing he was transferring to the custody of the U.S. Marshal's service and it appears that he was delivered to FCI Memphis in August of 2003. There is no indication on the docket that he was transferred to Missouri state custody at any time during his federal proceedings.

physical injury (F). *See State of Missouri v. Rodgers*, No. 2103R-00870 (21st Judicial Circuit, St. Louis County Court).[2]

The state charges arose out of an incident on September 2, 2002, in which petitioner shot into an automobile causing injury to two people who were in the vehicle. It appears that one of the felon in possession charges in federal court action arose from the same incident.

It is important to note that prior to being sentenced by the state court, petitioner was sentenced by the Federal District Court for the charges of being a felon in possession of a firearm. He was sentenced by the Honorable Rodney W. Sippel on July 11, 2003. Petitioner was sentenced to a term of 46 months' imprisonment on each count, to run concurrently, and a 3 year term of supervised release. Petitioner was immediately remanded to the custody of the United States Marshal's Office.

According to the filings on Missouri Case.Net, a detainer was filed in petitioner's state court criminal case on October 2, 2003, after petitioner filed a demand for speedy trial in his case on September 8, 2003. A warrant was served and executed to attain petitioner on October 30, 2003. Thus, it appears he was in the State of Missouri's custody at that time.

Petitioner plead guilty to the state charges on March 5, 2004, and on April 30, 2004, the court sentenced him as a prior offender to four concurrent sentences, with the highest sentence being 20 years' imprisonment. Petitioner asserts that the Missouri State Court Judge ordered his state and federal sentences to run concurrently, although he has not submitted any record indicating that to be the case. Petitioner did not file a direct appeal.

---

[2]The warrant for petitioner's arrest in state court was issued on April 23, 2003; however, the service attempt date was not until October 30, 2003. At that time, petitioner was already in the custody of FCI Memphis serving his federal sentence.

Petitioner asserts that he was in Missouri State Custody on a *writ of habeas corpus ad prosequendum* for 205 days. He states that under the plea agreement reached between the parties he was to receive credit for all jail time served while in the St. Louis County jail awaiting trial on the state charges. Petitioner states that on May 20, 2004 he was transferred back to FCI Memphis. Pursuant to the Court's calculations, the time between October 30, 2003 and May 20, 2004 is 203 days. (The Court is calculating from the days noted on the Missouri Case.Net, which may, of course, not be as accurate as the notations in the actual detainer records.) Petitioner states that all parties acknowledged at that time that he was entitled to 205 days credit to be subtracted from his St. Louis County convictions.

Petitioner claims that on April 19, 2006 he was released from FCI Memphis and MDOC acquired custody of him and sent him to ERDCC. He states that at that time the ERDCC records officer told him that he had 184 days of time credit to be applied to the instant sentence.[3] Petitioner states that when he was later transferred to Potosi Correctional Center the records officer there also told him that he had 184 days of time credit, as endorsed by the St. Louis County Courts and the Justice Center.

Petitioner states, however, that when he was transferred to Northeastern Correctional Center ("NECC"), on October 21, 2013, the time credit was completely removed from his records by respondent Fife. The reasoning given by respondent was that he had been sentenced by the federal courts on July 11, 2003.

Petitioner claims to have exhausted his administrative and state court remedies with respect to his denial of time credits relating to the execution of his sentence. He states that he filed a declaratory action in state court after being denied his administrative grievances. *See*

---

[3]Petitioner does not state how or why the time credit reduced was from 205 days to 184 days.

*Rodgers v. Fife*, No. 15PI-CC00040 (45th Judicial Circuit, Pike County Court). In his declaratory judgment action the Court found that his time in custody was unrelated to the offense and thus he was not entitled to the time credit. *See Farish v. Missouri Dep't of Corr.,* 416 S.W.3d 793, 797-98 (Mo. 2013). Petitioner appealed the decision, but the decision was affirmed on appeal. *See Rodgers v. Fife*, No. ED103563 (Mo.Ct.App. 2015).

Petitioner asserts in his brief before this Court that the Missouri courts are "retroactively applying a new rule." In essence, petitioner is making an ex post facto argument, or asserting that Missouri has retroactively changed the legal consequences of his 2004 plea and custody agreements.[4]

## Discussion

The Court believes that petitioner's claims survive a preliminary review and should be addressed with a response by the Missouri Attorney General's Office. As this Court understands petitioner's claims, he believes his Missouri State Court judgment was a concurrent judgment with his Federal Court judgment. Unfortunately, his Federal Court judgment does not state that it was a concurrent judgment with his Missouri State Court judgment which came after his Federal Court judgment.[5] Thus, even if his state court judge did sentence him to a concurrent judgment

---

[4]*See Prapotnik v. Crowe*, 55 S.W.3d 914 (Mo.Ct.App. 2001) (amendments to the jail time credit statute, unless otherwise expressly provided, are substantive and not procedural changes, and are not applied retroactively).

[5]Pursuant to 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." However, it is true that Federal District Courts possess the authority to order federal sentences to run concurrent with, or consecutive to, yet-to-be-imposed state sentences, and they can retroactively order federal sentences to run concurrent with state sentences after the fact. *See Setser v. United States*, --U.S.--, 132 S.Ct. 1463, 1468 (2012). If petitioner wishes to file a motion with his federal sentencing judge relating to his request for a concurrent sentence with his state sentence, he may do so at any time.

with his federal sentence, the Court is unsure of exactly how the Bureau of Prisons interpreted such a sentence.[6] The parties would do well to clarify this issue in the record.

Whether or not petitioner was sentenced concurrently, with his state and federal sentence to be served together, is a matter of importance, as is whether the federal or the state government had primary jurisdiction over petitioner during the service of his time in the County Jail.[7] The Court believes both issues must be briefed by the parties. It is also imperative that the parties brief the retroactivity of the jail credit statute, because as noted above, these amendments are not usually applied retroactively.

Accordingly,

**IT IS HEREBY ORDERED** petitioner's motion for leave to proceed in forma pauperis [Doc. No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that respondent must show cause, in writing and within forty-five (45) days of the date of this order, why the relief requested in the instant petition should not be granted. Respondent should specifically address the matters outlined in the Memorandum and Order above.

---

[6] It is "well-settled that the state court's intent [regarding concurrent or consecutive sentences] is not binding [on the federal courts or the BOP]." *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007). The non-binding nature of the state court's intentions are, understandably, frustrating to criminal defendants because the "state court's action raises the defendant's expectations but does not resolve the issue." *Id.*

[7] This Court believes that because the federal court was the first to take physical custody of petitioner by arresting him, it retained primary jurisdiction over petitioner, even when he was under detainer in the St. Louis County Jail. The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

**IT IS FURTHER ORDERED** that petitioner's reply brief shall be filed within thirty (30) days of the date respondent's brief is filed.

Dated this 6th day of March, 2017.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE