# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD J. RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-02131-NCC |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Objection and Request to Set Aside and Vacate the Magistrate Judge's Order (Doc. 14). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 7). Because the undersigned has jurisdiction to hear this case pursuant to 28 U.S.C. § 636(c), the Court will treat the objections as a Motion for Reconsideration. *S. Agric. Co. v. Dittmer*, 568 F. Supp. 645, 646 (W.D. Ark. 1983) ("Once a matter has been referred to a magistrate [judge] under [her] dispositive jurisdiction, [she] effectively become the district judge for that case."). For the following reasons, Petitioner's Motion will be **DENIED**.

On December 19, 2016, Petitioner filed a Petition with this Court pursuant to 28 U.S.C. § 2254. On March 6, 2017, the Court entered an order directing Respondent to show cause, in writing and within forty-five (45) days of the date of the Order, why the relief requested in the Petition should not be granted. On May 12, 2017, Petitioner filed a Motion for Judgment on the Pleadings arguing that he is entitled to judgment on the pleadings because Respondent has not timely responded to his Petition and that he is being severely prejudiced. On May 26, 2017, the Court directed Respondent respond to Petitioner's Motion for Judgment on the Pleadings no later

than June 14, 2017 (Doc. 8). On June 14, 2017, Respondent filed a response to Petitioner's Petition without requesting leave to file it out of time (Doc. 10). Respondent did not file a response to Petitioner's Motion for Judgment on the Pleadings. However, on June 20, 2017, Petitioner filed a Motion for Extension of Time to File a Traverse to Respondent's Response to Show Cause Order and, on July 12, 2017, Petitioner filed his Traverse (Doc. 11). On October 11, 2017, the Court, finding that the interests of justice were best served by considering both Respondent's Response and Petitioner's Traverse, found them both to be timely filed and, therefore, also denied Petitioner's Motion for Judgment on the Pleading as moot (Doc. 13).

Petitioner now moves for the reconsideration of the Court's October 11, 2017 Order (Doc. 14). Specifically, Petitioner argues that the Court had no authority to entertain Respondent's late Response absent a motion requesting leave. Petitioner further asserts that he would suffer prejudice from the Court's acceptance of Respondent's late response. Petitioner, accordingly, requests that the Court vacate the October 11, 2017 Order, dismiss Respondent's late response from review, and permit the Court to decide the case solely on Petitioner's Federal § 2254 habeas petition, Motion for Judgment on the Pleadings, and Traverse. Petitioner additionally requests an evidentiary hearing on this Motion and, alternatively, that the Court remand the matter to a District Judge to make further findings.

The Court has broad discretion in the management of its cases including "in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." *In re Baycol Prod. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010). There is no doubt that Respondent's Response to the Show Cause Order was untimely filed. However, the Court granted Respondent additional time to file a response to Petitioner's Motion for Judgment on the Pleadings, which was largely based on the lack of a response from Respondent, and Respondent chose to file his

Response to the Petition instead of responding to the Motion. Petitioner then subsequently filed a reply to the Response and an associated Motion for Extension of Time. Therefore, the Court previously held that the interests of justice were best served in finding both briefings timely filed. Once the Court determined the Response to be timely filed, the Motion for Judgment on the Pleadings was moot. While there was some delay in this case due to Respondent's oversight, the Court cannot find that Petitioner was prejudiced by the late filing as extensions of roughly thirty to sixty days are routinely and freely given in most civil matters.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. 14) is **DENIED**.

Dated this 27th day of March, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE