UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD J. RODGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-02131-NCC |
| | ) |
| TERI LAWSON,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 7). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

### I. BACKGROUND

On July 11, 2003, Petitioner was sentenced in Federal Court to a term of imprisonment with the Federal Bureau of Prisons. *See United States v. Reginald J. Rodgers*, 4:02-CR-00588-RWS (E.D. Mo. July 11, 2003). Under the Interstate Agreement on Detainers Act, Petitioner was transferred on October 29, 2003 to the St. Louis County Justice Center to await disposition of several pending Missouri state charges (Doc. 10-5 at 22-23). On April 30, 2004, 184 days after his transfer to the St. Louis County Justice Center, the Circuit Court sentenced Petitioner to a term of imprisonment in the custody of the Missouri Department of Corrections (Doc. 10-8 at

---

[1] Petitioner is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri (Doc. 17). Teri Lawson is the Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

2).  Petitioner pursued post-conviction relief in state and federal court.  Petitioner's first Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody was denied on August 25, 2011.  *Reginald J. Rodgers, Sr. v. Don Roper*, Case No. 4:08CV00950-AGF, 2011 WL 3794253 (E.D. Mo. Aug. 25, 2011).

The Missouri Department of Corrections ("MDOC") originally credited Petitioner with 184 days' credit toward his Missouri sentences for his time spent at the St. Louis County Justice Center (Doc. 10-18).  However, on July 7, 2014, MDOC determined Petitioner was not entitled to that credit under Missouri law and revised Petitioner's sentence calculation accordingly (Doc. 10-5 at 26).  On July 15, 2015, Petitioner filed a petition for declaratory judgment in Pike County Circuit Court challenging the revised calculation of his jail-time credit.  The Circuit Court dismissed the action on the State's Motion to Dismiss and Petitioner appealed.  *See Rodgers v. Fife*, No. 15PI-CC00040 (45th Judicial Circuit, Pike County Court).  On April 19, 2016, the Missouri Court of Appeals, Eastern District, affirmed the trial court's dismissal of Petitioner's declaratory judgment action (Doc. 10-8).  *See Rodgers v. Fife*, No. 15PI-CC00040 (45th Judicial Circuit, Pike County Court).  On December 19, 2016, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).[2]  In his current Petition, Petitioner argues that he is entitled to the 184 days' credit for the time he spent in custody at the St. Louis County Justice Center awaiting disposition of his state charges (Doc. 1).  Petitioner further asserts that MDOC's recalculation of his jail-time credit violates the terms of his plea agreement (*Id.*).

---

[2] Although neither party raises the issue, the Court notes that Petitioner's second Petition is not a second or successive Petition because Petitioner challenges the execution of his sentence. *Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001) (Where a petition for habeas corpus challenges "the execution of [a petitioner's] sentence [it] should not be deemed 'second or successive' merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions.").

## II. DISCUSSION

In the habeas setting, a federal court is bound by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to exercise only limited and deferential review of underlying state court decisions. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[F]ederal habeas corpus relief does not lie for errors of state law" and "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has not alleged that his custody violates the Constitution or the laws of the United States. Instead, Petitioner alleges that he has not received the proper amount of credit toward his sentence under Missouri law. However, "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas jurisdiction." *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991). *See also Murphy v. Thompson*, No. 4:05CV1062-DJS, 2008 WL 2859144, at *7 (E.D. Mo. July 23, 2008) ("The current prevailing view in this Circuit and District, however, appears to be that a claim based on the alleged misapplication of a state crediting statute, whether discretionary or mandatory, is not cognizable by a federal habeas court.") (collecting cases). The application of sentence-crediting statutes is "'legislative grace and not a constitutional guarantee.'" *Travis*, 925 F.2d at 1097 (quoting *Patino v. South Dakota*, 851 F.2d 1118, 1120 (8th Cir.1988) (per curiam)). Therefore, the claim is not cognizable in a federal habeas petition. Regardless, even if the Court were to consider

3

Petitioner's claim on the merits, MDOC properly modified Petitioner's sentence because he was not in custody related to his state charges but was already in custody as a result of his federal sentence. Mo. Rev. Stat. § 558.031. *See also Farish v. Missouri Dep't of Corr.*, 416 S.W.3d 793, 797-98 (Mo. 2013) (jail-time credit not allowed by statute where offender would have been in custody regardless of the state charges). Furthermore, Petitioner fails to support his assertion that MDOC's recalculation of his jail-time credit materially impacted his decision to plead guilty because the jail-time credit statute at the time of sentencing was the same as it was at the time of the recalculation. Thus, the Court will deny the Petition.

### III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right*." Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order. Dated this 9th day of October, 2019.

       /s/ Noelle C. Collins
    NOELLE C. COLLINS
    UNITED STATES MAGISTRATE JUDGE